UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANSTON INSURANCE COMPANY,

       Plaintiff,

v.                           Case No. 8:13-cv-2893-T-33TGW

SUN WEST ACQUISITION
CORPORATION,

       Defendant.
_____/

**ORDER**

    This matter comes before the Court in consideration of Defendant Sun West Acquisition Corporation's Motion to Dismiss for lack of Subject Matter Jurisdiction and Failure to Join Indispensable Parties (Doc. # 10), filed on January 17, 2014. Plaintiff Evanston Insurance Company filed a response in opposition to the Motion (Doc. # 11) on February 3, 2014. For the reasons that follow, the Motion is granted in part.

**I.  Background**

    Evanston Insurance Company is a "surplus lines insurer entitled to sell insurance in the state of Florida." (Doc. # 1 at ¶ 2). In June of 2010, Florida corporation Sun West completed an application for insurance with Evanston in which Sun West made the following representations:

> Any watercraft, docks, floats owned, hired or leased? <u>No</u>
> Any parking facilities owned/rented? <u>No</u>
> Is a fee charged for parking? <u>No</u>
> Recreation facilities provided? <u>No</u>
> Is there a swimming pool on the premises? <u>No</u>
> Sporting or social events sponsored? <u>No</u>

(<u>Id.</u> at ¶¶ 3, 6-7). The application further provided that the classification of insurance coverage was "quarry." (<u>Id.</u> at ¶ 8). After receiving Sun West's application, Evanston issued Sun West an insurance policy, No. 3C01149, with effective policy dates of September 8, 2010, through September 8, 2011, and with limits of $1,000,000 per occurrence or $2,000,000 for aggregate and $5,000 for medical expenses of any one person. (<u>Id.</u> at ¶ 9).

In July of 2011, Sun West completed a second application for insurance with Evanston. (<u>Id.</u> at ¶ 11). In the second application, Sun West again responded "No" to each of the six questions regarding recreational activities reproduced above. (<u>Id.</u> at ¶ 12). This application also provided that the classification of insurance coverage was "quarry." (<u>Id.</u> at ¶ 13). After receiving Sun West's application, Evanston issued Sun West a second insurance policy, No. 3C02000, with effective policy dates of September 8, 2011, through September 8, 2012, and with limits of $1,000,000 per

occurrence or $2,000,000 for aggregate and $5,000 for medical expenses of any one person.

In August of 2012, Sun West completed a third application for insurance with Evanston. (Id. at ¶ 15). In the third application, Sun West again responded "No" to each of the six questions regarding recreational activities. (Id. at ¶ 16). Once again, the application provided that the classification of insurance coverage was "quarry." (Id. at ¶ 17). After receiving Sun West's application, Evanston issued Sun West a third insurance policy, No. 3C03270, with effective policy dates of September 8, 2012, through October 2, 2013, and with limits of $1,000,000 per occurrence or $2,000,000 for aggregate and $5,000 for medical expenses of any one person. (Id. at ¶ 18).

All three policies of insurance issued by Evanston to Sun West contain the following provisions:

> **Section IV - Commercial General Liability Conditions**
>
> **6. Representations**
>
> By accepting this policy, you agree:
>> a. The statements in the Declarations are accurate and complete;
>> b. Those statements are based on representations you made to us; and
>> c. We have issued this policy in reliance upon your representations.

3

                          *     *     *

              **CLASSIFICATION LIMITATION ENDORSEMENT**

          The coverage provided by this policy applies only
          to those operations specified in the application
          for  insurance  on  file  with  the  company  and
          described    under    the    "description"    or
          "classification" on the declarations of the policy.

(Id. at ¶¶ 19-20).  Furthermore, the Declarations in all three

policies issued by Evanston to Sun West provide that the

"Business  Description"  of  the  insured's  property  is

"Limestone Quarry."  (Id. at ¶ 21).

     In May of 2013, an ATV accident occurred on the insured

property, resulting in the alleged injury of two individuals,

Brittanie Sistrunk and Kevin Roadruck.  (Id. at ¶ 22).  In

June of 2013, the law firm representing Sistrunk sent Sun

West a letter advising of the accident and requesting Sun

West's relevant insurance information.  (Id. at ¶ 23).  Sun

West forwarded the letters to Evanston.  (Id. at ¶ 24).  In

August of 2013, attorneys for Sistrunk sent correspondence to

Evanston requesting that medical bills related to their

client's accident in May of 2013 be paid under the Sun West

policy.  (Id. at ¶ 26).

     According to the Complaint:

          Evanston has conducted an investigation of the
          incident, which has revealed that the accident
          occurred during Memorial Day Weekend, during which

                                4

time Sun West hosted a sponsored recreational event
on the insured property.  During this weekend-long
event, guests were charged a fee for parking and
attendance.  The  event  included  live  musical
entertainment, beach and boating activities, as
well as food vendors.
        Further investigation has also revealed that
Sun West regularly hosted sporting and social
events throughout the years that were never
disclosed to Evanston.  These events have been
promoted on social media websites such as Facebook
and have been advertised in local papers.

(Id. at ¶¶ 28-29).

On November 14, 2013, Evanston initiated the instant

action by filing a two-count Complaint for rescission (Count

I) and declaratory judgment (Count II).  (Doc. # 1).  On

January 17, 2014, Sun West filed the present Motion to Dismiss

for Lack of Subject Matter Jurisdiction and Failure to Join

Indispensable Parties.  (Doc. # 10).  Evanston filed a

response in opposition to the Motion on February 3, 2014.

(Doc. # 11).  The Court has reviewed the Motion as well as

the response and is otherwise fully advised in the premises.

## II.  **Subject Matter Jurisdiction**

Within the Complaint, Evanston asserts that the Court

has jurisdiction over this case "pursuant to 28 U.S.C. § 1332

in that the amount in controversy exceeds the sum of $75,000,

exclusive of interest[ ] and costs, and [this action] is

between citizens of different states."  (Doc. # 1 at ¶ 4).

Sun West does not dispute that the parties are of diverse citizenship; however, Sun West maintains that Evanston "has failed to meet its burden of proving that the underlying claims will meet the jurisdictional minimum." (Doc. # 10 at 4).

### A.   **Legal Standard**

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, as in the instant case, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a

plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint.  Eaton, 692 F.2d at 732.

### B.  Amount in Controversy

In accordance with 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

In arguing that the amount in controversy in this case fails to meet the jurisdictional threshold, Sun West contends that "[t]he present lawsuit is based on the underlying claims by the Claimants for an undetermined amount of damages to compensate for injuries resulting from the Incident. Evanston has not specifically alleged or provided any evidence that the damages at issue in the underlying claims are greater than the jurisdictional minimum." (Doc. # 10 at 6).

Evanston explains that the May 27, 2013, ATV accident "involved two riders who were taken by ambulance to the

hospital. . . . Evanston has already advised of a Medicaid lien of $17,025.67 on medical bills of $37,627.78 as of July 5, 2013." (Id. at 4). Based on this amount, which reflects "the injuries to just one of the claimants," Evanston urges this Court to find that "common sense and experience reveal that the value of the[ ] potential claims exceeds $75,000.00." (Id. at 4-5). Notably, however, the underlying claimants have not yet initiated any lawsuit against Evanston regarding the incident at issue.

The Court agrees that, if the present action were premised only upon Evanston's request for a declaration of its rights and obligations with respect to the incident that occurred on the insured's property in May of 2013, Evanston would not have met its burden of demonstrating that this claim meets the jurisdictional amount in controversy requirement. "Generally, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). "However, when jurisdiction is based on a claim for indeterminate damages, the . . . 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction

bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Id. Evanston has failed to do so.

In supporting its assertion that the jurisdictional minimum is satisfied, Evanston has produced only a letter from First Recovery Group, an organization retained by WellCare, a Medicaid plan, "to represent WellCare in connection with their rights of subrogation and/or recovery regarding medical claims paid on behalf of Brittanie Sistrunk." (Doc. # 11-2 at 2). This letter reflects that WellCare has paid medical benefits in the sum of $17,025.67. (Id.). However, Evanston has produced no other evidence relating to the total amount of the underlying claims in this case. Accordingly, viewing in isolation Evanston's claim for declaratory judgment,[1] the Court acknowledges that the evidence proffered in support of this claim independently does not satisfy the minimum amount in controversy requirement.

---

[1] As explained more fully below, the Court finds Evanston's claim for declaratory judgment insufficient on other grounds. The preceding analysis should not be interpreted as a finding that Evanston has stated a proper claim for declaratory judgment in this matter.

However, Evanston argues that where "the substance of the action seeks to determine the validity of an insurance policy, then the policy limit is the amount in controversy." (Doc. # 11 at 3).   Thus, Evanston argues that, because "Evanston is seeking rescission of the three policies issued to Sun West on the basis of material misrepresentations, in addition to a declaration as to the May 27, 2013 incident . . . . the substance of this case is the validity of the policies issued, which means the policy limits determine the amount in controversy."   (Id. at 4).   The relevant policy limits, amounting to $1,000,000 per occurrence or $2,000,000 in the aggregate, undeniably exceed the jurisdictional threshold of $75,000.

Sun West "acknowledges that certain cases have indicated that where the validity of the entire policy is at issue, the policy limits will establish the amount in controversy." (Doc. # 10 at 7).   However, Sun West argues that "these cases are distinguishable because they primarily involve life insurance policies, which, if not subject to rescission, would require the insurer to pay the full policy limits . . . ."   (Id.).   Stated succinctly, Sun West argues:

> If [Evanston] prevails on its claim for rescission,
> it does not avoid paying the $1 million policy
> limits, it merely avoids paying the underlying

10

claims, the amount of which are undetermined and
unknown at this time.   Unlike a life insurance
policy, which must pay the policy limits upon the
death of the insured, an event bound to occur, the
amounts payable under a liability policy are based
on the value of the underlying claim and are not
tied to the policy limits except as a cap.
Therefore, the fact that the Policies provide $1
million in coverage is irrelevant for purposes of
determining the jurisdictional amount in this case
because there has been no evidence of the value of
the underlying claims.

                    *      *      *

The outcome of this litigation is that [Evanston]
will either prevail and have to return the
insurance premiums[2] or [Evanston] will lose and have
to pay the underlying claims.   There is no outcome
that invokes payment of the policy limits unless
the underlying claims happen to equate to that
number.

(Id. at 7-8).

     Indeed, the only Eleventh Circuit case cited by Sun West

acknowledging that the policy limits should establish the

amount in controversy when the validity of an entire insurance

policy is at issue, Guardian Life Ins. Co. of America v.

Muniz, 101 F.3d 93 (11th Cir. 1996), involves a life insurance

policy.   In determining that the face value of the relevant

policy constituted the amount in controversy, the Muniz court

---

[2] Sun West represents that "the insurance premium for each of
the three Policies was $10,000 for a total of $30,000 in
insurance premiums over the three policy periods."   (Doc. #
10 at 3).

referred to the reasoning in <u>New York Life Ins. Co. v. Swift</u>,
38 F.2d 175 (5th Cir. 1930), which provided as follows:

> The policies in suit are contracts by which the
> insured agrees to pay the premiums and the insurer
> agrees to pay the full face value of the policies
> on the death of the insured, an event bound to
> happen. With the uncertainty of life, it may occur
> at any time, and is an ever-present liability,
> which the insurer can do nothing to avert, except
> by seeking relief from a court of equity to cancel
> the policies on legal grounds. The policies are not
> voidable at the option of the insurer, nor is it
> optional with the insurer to compel the insured to
> accept either the loan or cash surrender value of
> the policies or to take policies of paid-up
> insurance. The only fixed and definite liability of
> the insurer is to pay the face of the policy. That
> amount measures the loss that plaintiff will suffer
> if the policies are not canceled. The right to
> cancel the policies for fraud in their procurement
> is the right to be protected.

<u>Guardian Life</u>, 101 F.3d at 94 (quoting <u>Swift</u>, 38 F.2d at 176-
77).  The Court agrees with Sun West's contention that, unlike
death in the context of a life insurance policy, no event
"bound to happen" would require Evanston to pay the upper
limit of its general liability policy with Sun West.

The Eleventh Circuit has explained that, "[w]hen a
plaintiff seeks injunctive or declaratory relief, the amount
in controversy is the monetary value of the object of the
litigation from the plaintiff's perspective."  <u>Federated
Mutual</u>, 329 F.3d at 807 (quoting <u>Cohen v. Office Depot, Inc.</u>,
204 F.3d 1069, 1077 (11th Cir. 2007)); <u>see also</u> <u>Leonard v.</u>

Enterprise Rent A Car, 279 F.3d 967, 973 (11th Cir. 2002)
("The value of injunctive or declaratory relief for amount in
controversy purposes is the monetary value of the object of
the litigation that would flow to the plaintiff[ ] if the
injunction were granted."). The Court is additionally
mindful that "subject matter jurisdiction does not exist
where any benefit plaintiff could receive from injunctive
relief is 'too speculative and immeasurable to satisfy the
amount in controversy requirement.'" Cowan v. Outpatient
Partners, Inc., No. 6:04-cv-28-Orl-22JGG, 2004 WL 1084160, at
*6 (M.D. Fla. Mar. 31, 2004). Neither party has offered
binding authority applying these principles to a case such as
this, where a single underlying incident has spawned not only
a purported declaratory judgment claim, but also a rescission
claim due to alleged material misrepresentations of the
insured.

Instead, in arguing that the policy limits should serve
as the amount in controversy in this case, Evanston relies on
the following non-controlling cases: Hawkins v. Aid Ass'n for
Lutherans, 338 F.3d 801, 805 (7th Cir. 2003) ("[W]hen the
validity of a policy (as opposed to the insurer's obligation
to pay) is in dispute, the face value of that policy is a
proper measure of the amount-in-controversy."); Hartford v.

13

<u>Low-Con, Inc.</u>, 293 F.3d 908, 911 (5th Cir. 2002) ("We recognize that under certain circumstances the policy limits will establish the amount in controversy.  Specifically, the policy limits are controlling 'in a declaratory action . . . as to the validity of the entire contract between the parties.'"); and <u>Home Ins. Co. of N.Y. v. Trotter</u>, 130 F.2d 800, 803 (8th Cir. 1942) ("But where in such actions the relief sought is a declaration of the validity or invalidity of a contract, the value of the contract determines the amount in controversy for the purpose of determining jurisdiction.").

In light of the lack of authority analyzing or applying this rule distinctively in the context of a general liability policy, the Court is inclined to adhere to the principle observed by the Eleventh Circuit in <u>Guardian Life</u> and practiced by the Seventh, Fifth, and Eighth Circuits, as provided above.  "Read as a whole, the[se] cases . . . establish that when the validity of an insurance policy is at stake – because either the insurance company seeks to void the contract or the plaintiff requests injunctive relief to restore a lapsed policy – the jurisdictional amount in controversy is the face value of the policy." <u>McPhillips v. Nationwide Life Ins. Co.</u>, No. 2:11-cv-634-MHT, 2011 WL

5007832, at *2 (M.D. Ala. Oct. 20, 2011); see also 14AA CHARLES ALAN WRIGHT, ARTHUR. R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3710 (4th ed. 2013) ("[I]t has been decided in numerous cases that in a declaratory judgment action, brought either by the insured or the insurer, as to the validity of the entire contract between the parties, the amount in controversy is the face value of the policy . . . . The fact that a claim presently exists against the insured is not relevant for the purpose of determining the amount in controversy.").

Accordingly, as the relevant policy limits amount to $1,000,000 per occurrence or $2,000,000 in the aggregate, the Court finds the jurisdictional requirement to be satisfied in this case.   Sun West's Motion to Dismiss is thus denied to the extent the Motion seeks dismissal for lack of subject matter jurisdiction.

## III. **Failure to Join Indispensable Parties**

Alternatively, Sun West argues in its Motion to Dismiss that "Evanston has failed to join indispensable parties to the present action in that they have failed to join the Claimants[,] [Sistrunk and Roadruck]."   (Doc. # 10 at 8). Sun West further argues that this alleged omission "leaves Sun West (and Evanston for that matter) subject to a

15

substantial risk of multiple and inconsistent obligations."
(Id.).

Evanston counters that "[a]n action for rescission can only be between parties to the contract, in this case Evanston and Sun West," and "Sun West has not cited to any cases that hold that in a rescission action potential claimants are indispensable parties." (Doc. # 11 at 5). As for the declaratory judgment claim, Evanston argues that "[t]he potential claimants have not filed an action in any court and have not claimed any interest in the insurance contract." (Id. at 6).

**A.   Legal Standard**

Federal Rule of Civil Procedure 12(b)(7) provides that a party may assert by motion the defense of "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 provides, in relevant part:

> **(a) Persons Required to be Joined if Feasible**
>
> > **(1)   Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> >
> > > **(A)**   in that person's absence, the court cannot accord complete relief among the parties; or
> > >
> > > **(B)**   that person claims an interest relating to the subject of the action and

is so situated that disposing of the
action in the person's absence may:

> **(i)** as a practical matter impair or
> impede the person's ability to
> protect the interest; or

> **(ii)** leave an existing party subject
> to a substantial risk of incurring
> double, multiple, or otherwise
> inconsistent obligations because of
> the interest.

**(2)   Joinder by Court Order**.  If a person has
not been joined as required, the court must
order that the person be made a party.   A
person who refuses to join as a plaintiff may
be made either a defendant or, in a proper
case, an involuntary plaintiff.

Fed. R. Civ. P. 19(a).

**B.   <u>Discussion</u>**

In determining whether Evanston has failed to join a
required party under Rule 19, the Court must evaluate
Evanston's claims for equitable relief individually.   First,
with regard to Evanston's claim for declaratory judgment, the
Court emphasizes – and the parties agree – that no lawsuit
has been filed against Sun West as a result of the May, 2013
incident.   (Doc. # 10 at 2; Doc. # 11 at 6).   Without an
underlying complaint against the insured, an action seeking
a declaration regarding Evanston's duty to defend or
indemnify is premature.

"An insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." Smithers Const., Inc. v. Bituminous Cas. Corp., 563 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008). Furthermore, "[t]he duty to defend an insured against a lawsuit filed by a third-party is a distinct, and broader, duty than the duty to indemnify." Triple R Paving, Inc. v. Liberty Mut. Ins. Co., 510 F. Supp. 2d 1090, 1094 n.1 (S.D. Fla. 2007). Under Florida law, which the Court applies in this diversity action, "whether there is a duty to defend is determined by the facts and legal theories alleged in pleadings against the insured." Westport Ins. Corp. v. VN Hotel Grp., LLC, 761 F. Supp. 2d 1337, 1342 (M.D. Fla. 2010). "It is well settled that an insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage. The duty to defend must be determined from the allegations in the complaint." Hartford Accident and Indem. Co. v. Beaver, 489 F.3d 1289, 1292 (11th Cir. 2006).

In the absence of any such underlying complaint, Evanston has failed to demonstrate how litigating its potential duty to defend or indemnify Sun West for the

incident that occurred in May of 2013 "would be effective or efficient or would serve any useful purpose." <u>Assurance Co. of Am. v. Legendary Home Builders, Inc.</u>, 305 F. Supp. 2d 1266, 1271 (S.D. Ala. 2003).   This Court declines to determine whether a hypothetical duty to defend or indemnify may arise in the future if the potential claimants indeed choose to file a claim against Sun West.

The Court additionally notes that, in response to Sun West's argument that Sistrunk and Roadruck are indispensable parties to this action, Evanston does not attempt to argue that its claim for declaratory judgment could properly proceed without these potential claimants, but instead argues that the issue of rescission can be decided between Evanston and Sun West alone.   (Doc. # 11 at 6).   Indeed, Evanston explains:

> Evanston has sought rescission of the policy due to material misrepresentations made by Sun West in the insurance application, [and] it is upon this basis that Evanston is seeking a declaration, *not* on whether the May 27, 2013 event in question would be covered under the policy, if the policy were not rescinded. [3]

---

[3] The Court notes that, given the wording in Count II of Evanston's Complaint, this distinction is far from clear. Count II, designated as "Declaratory Judgment," reads in relevant part as follows:

> Evanston is in doubt of its rights under [the relevant policy] and by this Petition seeks a

(Id. at 7) (emphasis added).

Given this clarification, Evanston apparently
characterizes its claim for declaratory judgment as a
redundant request for relief on the basis of rescission rather
than a claim asserted in the alternative requesting the Court
to determine whether Evanston would have a duty to defend or
indemnify Sun West under the policy as it presently exists.
In light of the parties' confusion on this point, and also
due to the parties' failure to address whether any such claim
for declaratory judgment would be ripe for adjudication at
this juncture in the absence of an underlying claim against
Sun West, the Court dismisses Evanston's claim for
declaratory judgment without prejudice.  Evanston may file an
amended complaint on or before March 28, 2014, so that it may

_____

> declaration of its rights and obligations with
> respect to the incident that occurred as on (sic)
> the insured's property on or about May 27, 2013,
> and a finding by this Court that, under [the
> relevant policy], Evanston does not have a duty to
> defend or indemnify Sun West for the following
> reasons:
>
> A) Coverage is barred by the Classification
> Limitation Endorsement, which provides that
> coverage applies only to those operations specified
> in the application for insurance . . . .

(Doc. # 1 at ¶ 38).

have an opportunity to state a claim for declaratory judgment that is ripe for adjudication, if possible.

As for the unresolved question of whether the potential claimants must be joined in the remaining rescission action between Evanston and Sun West, the Court finds that Sun West has advanced no argument as to whether Sistrunk and Roadruck would be required parties under Rule 19 in a rescission action between Sun West and Evanston.  Instead, Sun West argues only that these potential claimants would be "indispensable parties to an insurer's declaratory judgment action against the insured." (Doc. # 10 at 9).  Sun West has not had the occasion to brief the Court on its position as to whether the potential claimants must be joined in this rescission action in light of Evanston's concession that it does *not* seek a declaration, as an alternative to Count I, regarding "whether the May 27, 2013 event in question would be covered under the policy, if the policy were not rescinded." (Doc. # 11 at 7).

The Court thus denies Sun West's Motion to Dismiss to the extent it argues that Evanston has failed to join indispensable parties to the present action.  However, as explained above, the Court dismisses without prejudice Evanston's claim for declaratory judgment in light of (1) Evanston's own representation in response to the Motion to

21

Dismiss that it seeks equitable relief only in the form of rescission of the relevant insurance policies due to alleged material misrepresentations made by Sun West, and (2) the parties' acknowledgement that no underlying lawsuit exists at this time between the potential claimants and Sun West.   To the extent Evanston wishes to file an amended complaint properly asserting a claim for declaratory judgment, to the extent such a claim is possible under the circumstances of this case, Evanston may do so on or before March 28, 2014.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)  Defendant Sun West Acquisition Corporation's Motion to Dismiss for lack of Subject Matter Jurisdiction and Failure to Join Indispensable Parties (Doc. # 10) is **GRANTED** to the extent that the Court dismisses without prejudice Count II of the Complaint.

(2)  Evanston may file an amended complaint on or before March 28, 2014.  If no amended complaint is filed, this case will proceed solely on the grounds alleged in Count I of the operative Complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of March, 2014.

_Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record